Matthias, J.
The pendency of another action may be successfully pleaded as a defense only when it is clearly made to appear that such pending *496 action is between the same parties, upon the same cause of action: The reason for such rule is that the law, which abhors a multiplicity of suits, will not permit a defendant to be harassed and oppressed by two actions for. the same cause where plaintiff has a complete remedy by one of them. It is disclosed by the answer that the action pending in the court of common pleas of Muskingum county, which is pleaded by respondents in abatement of this suit in quo warranto, is an action brought by J. A. Schneider, a taxpayer, against J. N. Nethers et al., and- it is averred that in such suit the validity and legality of the action of the Muskingum county board of education is questioned, and that the court of common pleas of Muskingum county has issued a temporary injunction restraining the Muskingum county board of education from proceeding further in the creation of said alleged special school district under the resolution passed June 10, 1921, and the members of the new district board from exercising any supervision, control or jurisdiction over the schools and school properties situated in the school districts known as Dresden, Trinway, Cass and Madison school districts.
This suit in quo warranto is neither for the same cause of action nor between the same parties. The respondents in this action are not parties either plaintiff or defendant in the injunction suit. Neither is the plaintiff, here termed relator, a party to that suit. The issue here is- the title to office and it is the only issue. Quo warranto and not injunction is the proper action for testing the; question *497 of title to office, and in such proceeding the court of common pleas has no jurisdiction.
The respondents contend that they' still retain jurisdiction and authority as members of the boards of education of Trinway rural school district and Madison township rural school district, respectively, notwithstanding the action of the county board of education creating the new school district from territory theretofore comprising said Trin-way and Madison school districts, and other territory, and notwithstanding the appointment of members of a board of education for the newly-created school district, who have qualified and organized such board. And the respondents claim that such action of the county board is invalid.
The unconstitutionality of Section 4736, General Code, is pleaded and it is urged as a constitutional defect that no notice is required to be given to the electors or taxpayers of the action of the county board of education, and that no notice was given; but neither in the pleading nor in the brief of counsel is attention directed to any specific provision of the constitution, state or national, which is thus, violated. Section 3, Article VI of the Ohio Constitution, confers upon the legislature full power and authority over the organization, administration and control of the public school system of the state. Whether notice should or should not be given, either prior or subsequent to the action of the county board of education, is a question entirely of legislative policy, and the argument which counsel for respondents make relative thereto might well *498 be directed to the legislative rather than to the judicial branch of the government.
The pleading that remonstrance or protest was filed by a majority of the electors of Trinway district, even if filed within the prescribed time, does not tend to show invalidity of the proceeding or in any wise warrant any interference with the further proceedings of the county board of education with reference to the creation of the new district. The provisions of Section 4736, General Code, are quite clear with reference to the filing of remonstrances and the effect thereof; and such remonstrance filed by a majority of the duly qualified electors residing in any one of the districts is of no effect whatever unless such signers constitute a majority of the qualified electors residing in the territory affected by the order complained of.
The action of a public officer, or of a board, within the limits of the jurisdiction conferred by law, is not only presumed to be valid but it is also presumed to be in good faith and in the exercise of sound judgment. Before a court will take cognizance of a claim that the action of such officer or board is unlawful, arbitrary, unreasonable, or of such character as to constitute an abuse of discretion, facts must be set forth which would warrant such conclusion. In the answer some facts with reference to distance, condition of roads, etc., are averred, but no facts are alleged which if admitted to be true would warrant the court' in substituting its judgment for that of the county board of education in a matter as to which the statute has conferred upon that board authority so full and *499 complete.' Facts showing fraud, collusion, or such abuse of discretion as would call for the restraining action of the court, are not presented. State, ex rel. Attorney General, v. Ironton Gas Co., 37 Ohio St., 45; Brannon v. Board of Education of Tiro Consolidated School District, 99 Ohio St., 369, and County Board of Education of Hancock Co. v. Boehm, 102 Ohio St., 292.
The failure to apportion the funds and indebtedness between the newly-created district and Cass township rural school district, from which a part of the territory was taken, is also urged as a defense. However, the entries of the proceedings disclose that such order of apportionment of funds and indebtedness was in fact made, though at a subsequent meeting of the county board. A mere delay in taking such action cannot invalidate the proceeding creating the new district. The duty of ascertaining the relative valuations of the respective portions of the only district which was divided was delegated to the clerk of the board and thereafter the board ordered a division of the funds and indebtedness in a manner the validity of which has not been questioned.
The contention that the board of education of the former district is not abolished, but continues in existence, merits but little consideration. The statute to which reference has been made clearly authorizes the appointment of a board of education for the newly-created district. The members of the board of education of a district abolished in the creation of a new district have no further duties to perform, and that statute clearly contemplates that *500 such 'boards shall cease to function. It follows without any specific provision of the statute that the creation of the board of education for a newly-created district, the acceptance and qualification of the members duly appointed thereto, and the organization thereof, as provided by law, ipso facto terminate the authority in such new district of the board of education of each district which has been wholly absorbed in the creation of the new district.
There is here no violation of Section 20, Article II of the Ohio Constitution, as suggested by counsel. That section provides that the general assembly, in cases not provided for in the constitution, shall fix the term of office of all officers. It is quite clear that the legislature may abolish an office which it is authorized to create, and no one has such a thing as a vested right therein.
Section 12303, General Code, provides that an action in quo warranto may be maintained in the name of the state against a person who usurps, intrudes into or unlawfully holds or exercises a public office within this state. The facts averred in the petition warrant the relief sought and no adequate defense thereto is made by the answer. The demurrer to the answer is therefore sustained and a judgment of ouster awarded as prayed.

Judgment for relator.

Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.
Marshall, C. J., took no part in the consideration or determination of the case.